## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BEE YANG and<br>YOUA XIONG  ) | |
| ) | C.A. NO. **CA 13 - 284m** |
| *Plaintiffs,*  ) | |
| ) | **CIVIL ACTION COMPLAINT** |
| *vs.*  ) | |
| ) | **JURY TRIAL DEMANDED** |
| CCO MORTGAGE CORP.,  )<br>UNITED GUARANTY RESIDENTIAL  )<br>INSURANCE COMPANY,  )<br>FEDERAL NATIONAL MORTGAGE  )<br>ASSOCIATION and THOMAS P. RICCI,  ) | |
| ) | |
| *Defendants.*  ) | |

### INTRODUCTION

1.      This complaint seeks a declaratory judgment that an alleged "Assignment of Mortgage" of the Plaintiffs' mortgage loan from Defendant, CCO Mortgage Corp. ("CCO") to Defendant Federal National Mortgage Association ("FNMA"), is invalid and that, as a result, FNMA was not the valid mortgagee at all times relevant to a foreclosure sale of Plaintiffs' property.  As grounds set forth the Plaintiffs aver that the assignment to Defendant FNMA, was not validly acknowledged in accordance with Rhode Island Law and that the "Assignment of Mortgage" failed to assign the Mortgage and Note in accordance with Rhode Island Law.

2.      Plaintiffs further contend that the Note they gave in return for being granted said mortgage loan was not in default at the time foreclosure action was commenced. Moreover, Defendants, CCO and FNMA knew of that the Note given by Plaintiffs was not in default, yet proceeded to attempt foreclosure anyway.

3.     The Plaintiffs pray that this Honorable Court declare the foreclosure sale invalid, enjoin the Defendants from proceeding with any action against Plaintiffs pending a determination by this Court verifying the validity of the underlining attempted sale, and quiet the title of said property by declaring Plaintiffs, Bee Yang and Youa Xiong, the owners of said property.

## JURISDICTION AND VENUE

4.     This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and the matter in controversy exceeds $75,000.00 exclusive of interest and costs, and because the majority of Defendants are foreign corporations based outside of the State of Rhode Island.

5.     Venue is proper in the District pursuant to 28 U.S.C. § 1391 (b) (2) in that a substantial part of the events or omissions giving rise to this claim have occurred, and the real property that is the subject of the action is situated within the State of Rhode Island.

6.     Plaintiffs further avers that the Court has redressible claims over the matters in this complaint pursuant to the following statutes:

   a.  Plaintiffs, pursuant to 42 U.S.C. § 1983 claims loss of state property rights to redeem their mortgage from an unauthorized foreclosure advertiser without a judicial hearing.

   b.  Plaintiffs claim ownership of the latter described premises and seeks to clear their title of all illegal encumbrances pursuant to the provisions of Rhode Island General Laws § 34-16-4.

c.  Plaintiffs claim that only they has a marketable title to the premises pursuant to the provisions of R.I.G.L. § 34-13.1-5, to wit, forty (40) years of ownership of the fee interest.

d.  Plaintiffs, as a mortgagor, may seek to redeem, pursuant to R.I.G.L. § 34-26-1, their mortgage note and mortgage deed from the actual mortgagee, or lawful assignee of the mortgage deed and note.

e.  Plaintiffs claim a judicial determination pursuant to R.I.G.L. § 9-30-2 whether the deed to the premises is affected by any conveyance of another person in their chain of title.

## PARTIES

7.  Plaintiffs, Bee Yang and Youa Xiong, is a resident of 35 Reynolds Street, Providence, RI 02905, and claim to be the rightful owners of real property located at 57 Bramble Lane, West Warwick, RI 02893, in the County of Kent, State of Rhode Island ("the Property"), which is the subject property at issue herein.

8.  Defendant CCO Mortgage Corp. is a banking services company and mortgage lender with headquarters at 101 Tryon Street, Charlotte, North Carolina 28255.

9.  Defendant Federal National Mortgage Association is a mortgage servicing company which upon information and belief is located at 3900 Wisconsin Avenue, NW, Washington, DC 20016.

10.  Defendant United Guaranty Residential Insurance Company ("UGRIC") is a provider of private residential mortgage insurance with an address of 230 N. Elm Street, Greensboro, NC

27401. UGRIC was the insurer of the Plaintiffs' mortgage loan at issue herein and now seeks to recover its financial losses associated with said invalid foreclosure of Plaintiffs' subject mortgage loan and subsequent void foreclosure auction and sale of Plaintiffs subject property which was security for said mortgage loan.

11.     Defendant Thomas P. Ricci is the buyer of Plaintiffs subject property subsequent to the Defendants COO and FNMA's allegedly improper foreclosure as noted herein. On information and belief Thomas P. Ricci has an address of 334 Providence, Street, West Warwick, RI 02893.

## FACTS

12.     On March 30, 2006, Plaintiffs, Bee Yang and Youa Xiong, were granted a mortgage loan of $237,500.00, secured by the subject property located at 57 Bramble Lane, West Warwick, RI 02893.  Said mortgage was recorded in the Town of West Warwick Land Evidence Records, in Book 1728, Page 102, on March 30, 2006. The Mortgage identified Plaintiffs as "borrowers" and CCO Mortgage Corp. as "Lender".

13.     The only Lender named on the Mortgage and Note is CCO Mortgage Corp.

14.     Upon information and belief sometime on or about May – June 2006, Plaintiffs' mortgage was purchased by an as yet accurately identified FNMA created Mortgage Backed Trust (hereinafter referred to as the "Trust"). At that point in time, said as yet identified Trust became the true Holder in Due Course of the Plaintiffs' Mortgage and Note.

15.     On April 24, 2011, CCO Mortgage Corp. purportedly assigned Plaintiffs mortgage to Defendant FNMA. Said Assignment was recorded in the Town of West Warwick Land Evidence Records, in Book 2108, Page 83.

4

16.     CCO Mortgage Corp. initiated foreclosure action against Plaintiffs' property and did hold a foreclosure auction on June 28, 2011. Defendant Thomas P. Ricci was the highest bidder at said auction, purchasing the property for $127,000.00. CCO Mortgage caused a foreclosure deed to be recorded in the Town of West Warwick Land Evidence Records, in Book 2122, Page 62, on August 3, 2011.

17.     Defendant UGRIC now wrongfully seeks to recover their insurance coverage loss of $72,570.66 from Plaintiffs claiming that Plaintiffs default on the Note and subsequent foreclosure and auction of the subject mortgage and property caused their loss.

18.     Plaintiffs allege that in addition to the foreclosure proceedings being improper, void and invalid, that the Note given by them, in return for said mortgage loan, was not in default at the time foreclosure proceedings were commenced and completed.

19.     Upon information and belief CCO Mortgage Corp. was not the Holder of Plaintiffs' Mortgage and/or Note, and was not the Holder of said instruments at the times of said foreclosure actions and were merely foreclosing at the instruction of FNMA, which was acting in its capacity as Trustee for said as yet identified FNMA created Mortgage Backed Trust, which, upon information and belief was the true Holder in Due Course of said instruments.

20.     As said FNMA Mortgage Backed Trust, was the Holder in Due Course of said Mortgage and Note, said foreclosure proceedings were invalid.

21.     The actions taken by CCO Mortgage Corp., FNMA are without any force or effect relative to the attempted sale of the subject property because upon information and belief CCO Mortgage Corp. and/or FNMA is not the Holder of Plaintiff's Mortgage and/or Note.

22.     The documents, records and information regarding the identification of said Mortgage Backed Trust that is the true Holder of Plaintiffs' Note and Mortgage, are in the exclusive control of Defendant FNMA and as such can only be obtained through discovery.

23.     CCO Mortgage Corp. was not the actual "Lender" or source of the $222,000.00 given to Plaintiffs as part of this loan.  CCO Mortgage Corp. acted as a "middle man" and transferred the Note off to FNMA, who subsequently transferred it off to said mortgage backed Trust entity after the closing while CCO Mortgage Corp. and FNMA hid these undisclosed transfers by remaining mortgagee in the Town of West Warwick, Clerks Office, Evidence of Land Records.

## COUNT I
## INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT

24.     The Plaintiffs hereby reincorporates paragraphs 1 – 23 as if they were fully articulated herein.

25.     Defendants have no interest in the property, the mortgage or note and, thus, have no standing to foreclose upon the note and mortgage.

26.     There are no Assignments to the true and accurate Holder of said Mortgage and Note which are duly acknowledged or executed in accordance with R.I.G.L. 34-11-1.

27.     FNMA, and CCO Mortgage Corp. have abused the use of the foreclosure process knowing that it did not have a valid assignment of the note and mortgage, and as a result the Plaintiffs, has suffered compensable damages.

28.     Plaintiffs have been irreparably harmed by the actions of all of the Defendants.

29.     Plaintiffs have no other remedy at law but to seek the relief requested herein.

30.     The Equities of the matter favor the Plaintiffs.

31.     Public Policy matters favor the Plaintiffs.

**WHEREFORE**, Plaintiffs Bee Yang and Youa Xiong, pray for the following relief:

   a.  Determine that the Mortgage is void in accordance with the requirements set forth in 34-11-1;

   b.  Determine that there are no assignments of record with regard to the mortgage;

   c.  Order that FNMA, and CCO Mortgage Corp. have no interest in the subject property;

   d.  Temporarily, preliminarily and permanently restrain UGRIC from commencing and/or completing any further civil actions or attempts to recover their insurance coverage loss from the Plaintiffs pending a trial on the merits of the Plaintiffs' complaint;

   e.  Award the Plaintiffs compensatory damages against all of the Defendants for their wrongful slander of title and abuse of process in a sum to be determined by a trier of fact;

   f.  Award legal fees and costs;

   g.  Award punitive damages;

   h.  Award such other relief as this Court deems just and proper.

**COUNT II**
**QUIETING TITLE**
**RHODE ISLAND GENERAL LAW §34-16-5**

32.     The Plaintiffs hereby realizes and reincorporates paragraphs 1 – 31 as if they were fully articulated herein.

33.     The real estate as issue is located at 57 Bramble Lane, West Warwick Rhode Island

34.     CCO Mortgage Corp., FNMA, and Thomas P. Ricci all claim to have or have had an interest in the property pursuant to a Mortgage.  The address' of CCO Mortgage Corp., FNMA, and Thomas P. Ricci are set forth hereinabove.

35.     Defendants CCO Mortgage Corp., FNMA, and Thomas P. Ricci, and Plaintiffs Bee Yang and Youa Xiong, all make claim to the interest in the aforesaid property.

36.     Plaintiffs Bee Yang and Youa Xiong, claims title to the property pursuant to a Deed recorded on March 30, 2006 in the Town of West Warwick, Clerks Office, Evidence of Land Records in Book 1728 Page 100 granting the Property to Plaintiffs.

37.     Defendant CCO Mortgage Corp. claims an interest adverse to Plaintiffs, by way of a Mortgage on March 30, 2006, recorded in the Town of West Warwick, Clerks Office, Evidence of Land Records in Book 1728 Page 102.  Upon information and belief sometime on or about May – June 2006, Plaintiff's mortgage was purchased by an as yet accurately identified FNMA created Mortgage Backed Trust. At that point in time, said as yet identified Trust became the true Holder in Due Course of the Plaintiff's Mortgage and Note. There is no Assignment of Mortgage to said Trust.

38.     Defendant FNMA claims an interest adverse to Plaintiffs, by way of an allegedly invalid and void Assignment on April 25, 2011, recorded in the Town of West Warwick, Clerks Office, Evidence of Land Records in Book 2108 Page 83.  Upon information and belief sometime on or

about May – June 2006, Plaintiff's mortgage was purchased by an as yet accurately identified FNMA created Mortgage Backed Trust. At that point in time, said as yet identified Trust became the true Holder in Due Course of the Plaintiff's Mortgage and Note. There is no Assignment of Mortgage to said Trust.

39.     Defendant Thomas P. Ricci claims an interest adverse to Plaintiffs, by way of an allegedly invalid and void Foreclosure Deed on August 3, 2011, recorded in the Town of West Warwick, Clerks Office, Evidence of Land Records in Book 2122 Page 62.

**WHEREFORE**, Plaintiffs Bee Yang and Youa Xiong, prays for the following relief:

  a.  That judgment enters for them on their complaint regarding title to and ownership of the subject property that is subject of this claim;

  b.  That the Court find as a matter of law that the owners of this property are Bee Yang and Youa Xiong;

  c.  That this Court enters an order quieting title to this property by entering an order that the fee related thereto belongs to Bee Yang and Youa Xiong;

  d.  That the court or other trier of fact, order the Defendants to pay Bee Yang and Youa Xiong's damages which it deems appropriate; and

  e.  That the Court or other trier of fact award Bee Yang and Youa Xiong, their costs, including reasonable attorney's fees.

**COUNT III**
**BREACH OF DUTY OF GOOD FAITH AND REASONABLE DILIGENCE**

40.     Plaintiffs repeat and incorporate all paragraphs above as if fully articulated herein.

41.     As the entity responsible for exercising the statutory power of sale, the Defendants, FNMA and CCO Mortgage Corp., owed the Plaintiffs, Bee Yang and Youa Xiong, a duty of good faith and fair dealing in the conduct leading up to the foreclosure proceedings and sale.

42.     By conducting foreclosure proceedings without being the actual true Holder of either the Mortgage and/or Note, the Defendants, FNMA and CCO Mortgage Corp., violated this duty.

43.     The Plaintiffs, Bee Yang and Youa Xiong, were damaged by these breaches of duty including without limitation, loss of equity, lost opportunities to work-out their mortgage delinquency, and by imposition of inappropriate foreclosure fees and costs on her account.

44.     Plaintiffs, Bee Yang and Youa Xiong, suffered severe and extreme emotional and mental distress as the direct result of Defendants FNMA and CCO Mortgage Corp.'s actions.

45.     The Plaintiffs are entitled to a declaratory judgment determining that the attempted foreclosure sale of their property is void.

46.     The Plaintiffs are entitled to an injunction preventing the foreclosure sale of their property or any eviction action taken by the Defendant until such time as proper notice is made pursuant to statute.

47.     The Plaintiffs are entitled to cancellation costs and fees assessed to them for wrongful foreclosure, together with additional damages.

WHEREFORE, Plaintiffs Bee Yang and Youa Xiong, respectfully request that this Honorable Court grant the following relief:

i.      Declare that FNMA is not the true Holder of their Mortgage and Note as there exists no assignment which would have transferred title to said Mortgage and Note;

ii.     Declare that CCO Mortgage Corp. is not the true Holder of their Mortgage and Note as CCO Mortgage Corp. transferred title to said Mortgage and Note;

iii.    That any foreclosure sale conducted by the Defendants, FNMA and CCO Mortgage Corp., be declared void;

iv.     Injunctive relief staying FNMA, UGRIC, and CCO Mortgage Corp. from proceeding with any further actions against the Plaintiffs;

v.      Declare that Thomas P. Ricci is not the owner of the subject property, having purchased it subsequent to an improper and void foreclosure action;

vi.     Declare that the Plaintiffs, Bee Yang and Youa Xiong, are the owners of the Property;

vii.    Award the Plaintiffs money damages from Defendants for all damages including but not limited to attorneys' fees, actual costs and charges regarding foreclosure, emotional and mental distress, punitive damages, and such further relief as is just and equitable;

viii.   Injunctive relief staying any foreclosure sale and/or eviction action regarding the Property so that this case may adequately be heard prior to an unjust foreclosure and or eviction; and

ix.     Such other relief this Court deems fair and just.

April 30, 2013

Plaintiffs,
Bee Yang and Youa Xiong,
By their Attorney,

Todd S. Dion Esq. (6852)
1319 Cranston Street
Cranston, RI 02920
401-270-0639 Phone
401-270-2202 Fax
toddsdion@msn.com

## DEMAND FOR JURY TRIAL
Plaintiff hereby demands a trial by jury on all matters so triable.